# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOEL IRWING WILSON,

        Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 327375
Bay Circuit Court
LC No. 13-010011-FH

---

ON REMAND

Before: SAWYER, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

This case returns to us from the Michigan Supreme Court "for plenary review of the defendant's claim that his sentence was disproportionate under the standard set forth in *P v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990)." *People v Wilson*, ___ Mich App ___, ___; 903 NW2d 558 (2017). We affirm the trial court's upward departure sentence.

A jury convicted defendant of racketeering, MCL 750.159i(3), larceny by conversion of $20,000 or more, MCL 750.362, two counts of securities fraud, MCL 451.2501, and two counts of securities act violation, MCL 451.2508. Defendant was sentenced to concurrent prison terms of 105 to 240 months for the racketeering conviction, and 80 to 120 months for each remaining conviction.

The reasonableness of a trial court's sentencing decision is reviewed under the abuse of discretion standard. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). When reviewing for reasonableness, this Court follows the principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), assessing whether the sentence given is proportionate to the offender and to the seriousness of the crime. *Steanhouse*, 500 Mich at 476-477. Additional factors considered by Michigan courts under the proportionality standard include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329); slip op at 3.]

"[A] departure sentence may be imposed when the trial court determines that 'the recommended range under the guidelines is disproportionate, in either direction.' " *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 3. "An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the *extent* of the departure can satisfy the principle of proportionality." *Id*. "The first inquiry in our reasonableness review is whether there were 'circumstances that are not adequately embodied within the variables used to score the guidelines.' " *Id*. citing *Milbourn*, 435 Mich at 659-600.

We conclude that defendant's departure sentence was reasonable, comports with the principle of proportionality, and was adequately explained on the record by the trial court. *Milbourn*, 435 Mich at 659-660. During defendant's sentencing, the trial court explained that defendant failed to accept any responsibility and seemed to be living in an alternate reality, facts that were demonstrated through defendant's own statement at sentencing. Defendant's lack of remorse is an appropriate sentencing consideration when determining a proportionate sentence. *People v Dixon-Bey*, 321 Mich App 490, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 19 n 9.

The trial court also explained why the sentencing guidelines did not adequately account for the seriousness of defendant's conduct. Defendant was assessed 25 points under OV 9, and 10 points under OV 16. While OV 9 accounts for the number of victims of a particular crime, MCL 777.39(1), absent the death of multiple victims, the highest points that may be scored under this variable, 25, is assigned where 20 or more victims are placed in danger of property loss, MCL 777.29(1)(b). Here, there were more than 100 victims. And while OV 16 takes into account the value of property "obtained, damaged, lost, or destroyed[,]" MCL 777.46(1), the highest number of points that may be assigned under this variable, 10, is appropriate when the value of property lost exceeds $20,000, MCL 777.46(1)(a). In the instant case, the loss exceeded $6 million. These variables fail to account for the amount of money lost by the vast number of victims of defendant's crimes; therefore, it was appropriate for the trial court to consider these circumstances as warranting an upward departure. See *Dixon-Bey*, 321 Mich App at ___; slip op at 19 (explaining that departures may be warranted where the sentencing guidelines give inadequate weight to the relevant circumstances); *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995) ("Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted.").

Other circumstances cited by the trial court were likewise appropriate considerations. The trial court accurately observed that the sentencing guidelines did not account for the fact that the losses suffered by many victims represented their whole life savings. Under the *Milbourn* framework, it is proper to take into consideration relevant circumstances that are not accounted for by the guidelines when departing. *Dixon-Bey*, 321 Mich App at ___; slip op at 19. The trial court also explained that a departure was warranted because defendant abused the trust his victims placed in him. *Milbourn* recognizes that the prior relationship between a defendant and his or her victim is an appropriate consideration that may warrant a departure. *Milbourn*, 435 Mich at 660-661; *Steanhouse (On Remand)*, ___ Mich App at ___ NW2d ___; slip op at 4 (stating that "[i]n evaluating whether the departure sentence imposed for defendant is proportional in accordance with *Milbourn*, a factor to be considered, which is not adequately reflected in the guidelines, involves the 'prior relationship' between defendant and the victim")

(citation omitted). Thus, the trial court provided many reasons, all of which were appropriate considerations to support its decision to depart from the sentencing guidelines.

Although the trial court provided several reasons justifying a departure sentence in this matter, that is not the end of the inquiry. "[T]he trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 3; *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008) (stating that "[w]hen departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been.").

In *Smith*, our Supreme Court explained that one way for a trial court to justify the extent of a particular departure is for the court "to place the specific facts of a defendant's crimes in the sentencing grid." *Smith*, 482 Mich at 306. While reference to the grid is not required, "reference to the grid can be helpful, because it provides objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences." *Id*. at 309 (quotation marks and citations omitted). Thus, where the variables do not fully account for the seriousness of an offense, it is appropriate to examine the applicable sentencing grid to see what minimum sentence ranges would be supported by higher OV or PRV scores. *Id*. at 307-308.

In the instant case, the trial court looked at the cells of the sentencing grid that surrounded the applicable cell. The cell immediately to the right, representing a defendant in the next highest PRV class, called for a minimum sentence range of 78 to 130 months; the cell immediately below, representing the next highest OV class, called for a minimum sentence range of 57 to 95 months; and the diagonal cell, representing the next highest OV and PRV classes, called for a minimum sentence range of 84 to 140 months. MCL 777.63. Noting that these cells differed, the trial court sentenced defendant to a minimum of 105 months' imprisonment. Thus, the trial court used the next most severe cells on the applicable grid to make up for those considerations not accounted for by the sentencing guidelines, and utilized these cells to provide "objective factual guideposts" to determine a proportionate sentence in this matter. *Smith*, 482 Mich at 309.

Accordingly, we conclude that the trial court provided a sentence that was proportionate to the circumstances of the offense and the offender.

Affirmed.

/s/ David H. Sawyer
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola